by said plaintiff to said defendant until the further order of this court."

Nothing additional appears in the journal entry in any way bearing on the question of alimony.

Under this situation, we have no alternative except to reverse and remand the cause. This we do with instructions that alimony must be allowed.

*Judgment reversed and cause remanded.*

HORNBECK, P. J., and GEIGER, J., concur.

THE STATE OF OHIO, APPELLEE, *v.* TARPLEY, APPELLANT.

(Decided February 19, 1940.)

*Mr. John D. Ellis, Mr. Robert J. Paul* and *Mr. Charles B. Ginocchio,* for appellee.
*Mr. George Weller, Jr.,* for appellant.

HAMILTON, P. J. This is an appeal on questions of law from the Municipal Court of Cincinnati, Ohio.

Appellant was arrested on the charge of unlawfully and wilfully practicing barbering as a barber without a certificate of registration as a registered barber, contrary to and in violation of Section 1081-8, General Code.

His plea before the court on arraignment was "not guilty." At the trial, counsel for the defense stated: "We have no defense," and admitted that the defendant operated under suspension of his certificate of registration. The claim of the defense was that his certificate of registration was suspended for violation of paragraph 3 of Section 1081-17, General Code, which paragraph was unreasonable and, therefore, invaded his constitutional rights. The paragraph relates to the posting of prices. While we incline to agree with counsel for the defense that the requirement is unreasonable, that question cannot be raised here. It would be equivalent to converting this case into an action in mandamus to compel the issuance of a certificate, or to lift the suspension.

Section 1081-8, General Code, provides for registration and makes it an offense to practice barbering without a certificate of registration. The constitutionality of that law is not attacked. When defendant admitted practicing barbering while under suspension, he admitted the offense as charged. If some of the requirements of the law prerequisite to the granting of a certificate by the state board are unreasonable, there are appropriate actions to correct and protect the applicant. But the simple question here concerns the admitted violation of a state law, the constitutionality of which is not questioned.

If the case were here in mandamus to compel the lifting of the suspension, we would have no difficulty in granting relief from paragraph 3 of Section 1081-17, General Code.

The judgment is affirmed.

*Judgment affirmed.*

MATTHEWS and ROSS, JJ., concur.